IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENDALL BAKER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | Jury Demanded |
| **CITY OF HOUSTON,** | § | |
| **Defendant.** | § | |

### PLAINTIFF, KENDALL BAKER'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Kendall Baker, hereinafter called Plaintiff, complaining of and about City of Houston, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Kendall Baker, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant City of Houston Defendant is a unit of government organized under the Constitution and laws of the State of Texas. See Tex. Local Gov't Code § 5.004. Under the City's Home Rule Charter, the City has the capacity to sue or be sued. Defendant may be served with citation by serving Sylvester Turner the chief executive officer and Mayor at 901 Bagby, Houston, TX 77002.

### JURISDICTION

3. The action arises under 42 U.S.C. § 1981 as hereinafter more fully appears. Also

1

an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and national origin.

6. This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. Since 1984, Plaintiff Kendall Baker has served the City of Houston as an exemplary employee as demonstrated by his employee file.

9. This career trajectory was impressive as Mr. Baker rose to the level of Division Manager in 2011.

10. Unfortunately starting in 2011, Mr. Baker began to receive unwanted sexual

advances by a female employee named Myesha Duckworth. This behavior included demanding me to turn around to see the back of my jeans in the buttocks area.

11. The constant harassment by Ms. Duckworth caused great distress and made it difficult for Mr. Baker to function at the job. In an attempt to stop the harassment, Mr. Baker reported the behavior to his supervisor, Tina Paez, who was in a position to stop the harassment but failed to stop the demeaning behavior.

12. Mr. Baker witnessed females and white workers have their claims of sexual harassment taken serious; however the city failed to investigate any of Mr. Baker's claims and allowed the behavior to continue.

13. Shockingly after Mr. Baker made his complaint, the aggressor Ms. Duckworth filed a sexual harassment complaint against him in apparent retaliation for him exercising his rights to work in a harassment free workplace. Ms. Duckworth's complaint was taken serious and a full investigation was conducted while my allegation was never investigated.

14. The behavior exhibited by Ms. Duckworth and condoned by Ms. Paez was an indication that sexual harassment against men was not only allowed to exist, it permeated the work environment. This was demonstrated during the investigation on August 2, 2013 and August 3, 2013, as the City of Houston's Inspector General, Robin Curtis, made unwelcome comments about Mr. Baker's looks and rubbed his shoulders in front of city employee Pat Lawson.

15. After the sexual harassment by Ms. Curtis, Mr. Baker made another complaint to the Office of Inspector General. On September 9, 2013, Mr. Baker received a letter verifying receipt of the complaint but again no investigation was conducted.

16. On September 17, 2013, Mr. Baker was terminated from employment from the

city based on the allegations of Ms. Duckworth.  This termination was in retaliation for reporting my claims of sexual harassment.

### RACE, COLOR, NATIONAL ORIGIN, and SEX DISCRIMINATION

17. Defendant, City of Houston, engaged in unlawful employment practices involving Plaintiff because of his race, color and national origin.

18. Defendant, City of Houston, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race, color and national origin in violation of 42 U.S.C. Section 2000e-(2)(a).

19. Defendant, City of Houston, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a).

20. Plaintiff alleges that Defendant, City of Houston, discriminated against Plaintiff on the basis of race, color and national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff.

21. Defendant, City of Houston, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

### RETALIATION BY CITY OF HOUSTON

22. Plaintiff alleges that Defendant City of Houston instituted a campaign of retaliation which included false allegations and termination of employment.  This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice and making a charge.  Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

23. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. Loss of benefits;

   b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   d. All reasonable and necessary costs incurred in pursuit of this suit;

   e. Expert fees as the Court deems appropriate;

   f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   g. Interest; and

## EXEMPLARY DAMAGES

24. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

25. Plaintiff seeks the following specific relief which arises out of the actions and/or

omissions of Defendant described hereinabove:

    a.    Rehire Plaintiff.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kendall Baker, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/
_____
Christopher Carmona
Attorney-in-Charge
Texas Bar No. 24072022
Southern District Bar No: 1128602
E-Mail: ccarmona@fultonlg.com
2855 Mangum Road Suite 413
HOUSTON, TX 77092
Tel. (713) 677.0109
Fax. (832) 201.8847
Attorney for Plaintiff
Kendall Baker

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**