UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDALL BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-03100 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court in this employment discrimination action is Defendant City of Houston's ("City") Motion to Dismiss ("Motion") on all claims brought by Plaintiff Kendall Baker ("Baker"). Doc. 7. Having considered the City's Motion; Baker's Response, Doc. 10; the City's Reply, Doc. 11; the facts in the record; and the applicable law, the Court concludes that the Motion should be granted.

**I. Background**

This case arises from Baker's discrimination claims against the City. On October 19, 2016, Baker filed his original complaint alleging discriminatory termination and retaliation. Doc. 1 ¶¶ 17–22. On December 7, 2016, the City responded by filing its first motion to dismiss pursuant to Rule 12(b)(6). Doc. 5. On December 28, 2016, Baker then filed his First Amended Complaint ("FAC"), in which he asserts a new hostile-work-environment claim. Doc. 6 ¶ 22. Subsequently, on January 9, 2017, the City countered with the present Motion, Doc. 7, which is now ripe for adjudication.

In his FAC, Baker asserts two causes of action: "race discrimination" and "retaliation." Under his racial discrimination cause of action, Baker argues the City "wrongfully terminated" him and "subjected him to a hostile work environment" because he was an "African

American"—in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e-2. Doc. 6 ¶¶ 17–25. Under his retaliation claim, Baker asserts that the City retaliated against him "in violation of Title VII by terminating him after he made protected complaints of race discrimination." Doc. 6 ¶¶ 26–30.[1]

Beginning in 2011, Baker alleges that he began to "receive unwanted sexual advances" from one of his subordinate female employees, Myesha Duckworth ("Duckworth"). Doc. 6 ¶ 10. According to Baker, the unwanted sexual advances included Duckworth "demanding that [he] turn around [so that she could] see the back of his jeans in the buttocks area." *Id.* Baker alleges that when he reported this harassment to his supervisor, Frank Carmody ("Carmody"), Carmody "failed to stop the demeaning behavior." *Id.* ¶ 11.

Subsequently, Duckworth submitted a complaint to the Office of the Inspector General ("OIG") alleging that she was sexually harassed by Baker. *Id.* ¶¶ 13, 15. During the investigation into Duckworth's claims, from August 2nd to August 3rd of 2013, Baker asserts that the City's Inspector General, Robin Curtis ("Curtis") "made unwelcome comments about Mr. Baker's looks and rubbed his shoulders in front of city employee Pat Lawson" ("Lawson"). *Id.* ¶ 14. Baker asserts that Duckworth and Curtis's behavior "was an indication that sexual harassment against men was not only allowed to exist" at the City, but "it permeated the work environment." *Id.* He also asserts that only "females and white workers have their claims of sexual harassment taken serious [sic]." *Id.* ¶ 12.

Following the initial investigation into Duckworth's complaint, Baker filed a second

---

[1] For the first time, in his Response, Baker attaches an affidavit providing additional allegations. Doc. 10-1. We do not consider these allegations for the purposes of this motion. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (On a Rule 12(b)(6) motion, a district court must limit itself to the pleadings and their attachments, unless an opposition motion contains documents that are "referred to in the pleadings and are central to a plaintiff's claims.")

complaint with the OIG complaining of Curtis's "sexual harassment," and other complaints against Carmody, Lawson, and Isaiah Monroe, a union member. *Id.* ¶¶ 15; Doc. 7-2. On September 9, 2013, he received a letter confirming that the OIG received his complaint. Doc. 6 ¶ 15. And on February, 5, 2014, the OIG mailed Baker a letter informing him that it "has completed its investigation" and determined that "the allegations against Ms. Robin Curtis . . . were unfounded." Doc. 7-2.

Returning to Duckworth's complaint, on August 26, 2013, the OIG notified Baker that it sustained Duckworth's sexual harassment complaint, and also advised Baker of its concerns that he solicited "donations [for his] church" and would make discriminatory remarks, referencing "whether or not someone works for 'the white man,' or would act if 'the white man' told her to." Doc. 7-1. Thus, when the city terminated his employment on September 17, 2013, Baker asserts that the City was motivated by "the allegations of Ms. Duckworth," and that the termination was "in retaliation for reporting his claims of sexual harassment." Doc. 6 ¶ 16.

On January 31, 2014, Baker filed his charge with the EEOC. Doc. 7-3. On July 13, 2016, Baker received his right-to-sue letter from the EEOC informing him of his ninety-day deadline to file suit. Doc. 7-4. And on October 19, 2016, Baker filed his original complaint. Doc. 1.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a claim that does not "state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint, and must view the allegations as a whole in the light most favorable to the non-movant. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A court may also review the documents attached to a motion to dismiss if the complaint refers to the documents

and they are central to the claim. *Kane Enters v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555–57 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

Facial plausibility is satisfied when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 555). Although the plausibility standard "is not akin to a 'probability requirement,'" there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 664–65.

Even if a plaintiff has established a facial case of discrimination, a defendant may countermand a plaintiff's allegation by providing a legitimate, non-discriminatory reason for the

alleged misconduct. *Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991). "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." *Id.* at 97.

## III. Legal Analysis

### A. Racial Discrimination

Baker asserts that the City "wrongfully terminated" him and "subjected him to a hostile work environment" because he was an "African American"—in violation of Title VII. Doc. 6 ¶¶ 17–25.

An employment discrimination complaint does not need to "contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework, but instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2)." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002). The *McDonnell Douglas* framework requires the plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination. *Id.* at 510. Nevertheless, this framework is an evidentiary standard and not a pleading requirement. *Id*. The Supreme Court of the United States "has never indicated that the requirements for establishing a prima facie case apply to pleading." *Id*. at 506. In contrast, the pleading standard requires that the complaint, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 512 (citing *Conley v. Gibson*, 355 U.S. 41, 47). Furthermore, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Here, Baker does not provide sufficient factual content for the Court to draw the

inference that the City wrongfully terminated him because he was an African American. Both Baker's 2011 complaint and OIG complaint alleged sexual harassment, not racial discrimination. Doc. 6 ¶ 15.² Baker makes one statement that, "females and white workers have their claims of sexual harassment taken serious [sic]," but this statement is conclusory. *Id.* ¶ 12. Because conclusory statements are insufficient to support his claim, we hold that Baker does not establish a claim for termination on the ground of racial discrimination. *See Iqbal*, 556 U.S at 678.

Even if Baker had established a prima facie discrimination case, the City provides a legitimate, non-discriminatory reason for Baker's termination. The City terminated Baker because he had sexually harassed subordinate female employees, solicited funds from employees, and made discriminatory remarks based on the OIG's investigation. Doc. 7-1 at 2. Even if the OIG's report was in error, the City's allegedly mistaken belief based upon the incorrect report provides a legitimate, non-discriminatory reason for his termination. *See Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (holding "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason."). And thus we hold that the City's reason for termination would overcome a prima facie case for racially motivated termination.

For the reasons discussed above, Baker also has not provided sufficient evidence that the City subjected him to a hostile work environment because he was an African American. *See Iqbal,* 556 U.S. at 678. Thus, we conclude that Baker provided insufficient evidence of racial discrimination either for his termination or a hostile work environment.

---

²     Baker is potentially barred from bringing his 2011 complaint because that complaint is outside the three hundred (300) day period for which EEOC claims could have been filed. *See* 42 U.S.C. §2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002). Presuming, without deciding, that it could have been brought under the hostile work environment exception, the 2011 complaint only alleged sexual discrimination, not racial discrimination. Doc. 6 ¶ 11–14.

**B. Retaliation**

Baker also asserts that the City retaliated against him "in violation of Title VII by terminating him after he made protected complaints of race discrimination." Doc. 6 ¶¶ 26–30

Title VII "prohibits retaliation against employees who engage in protected conduct, such as filing a complaint of discrimination." *See* 42 U.S.C. § 2000e–3(a); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002). To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). "To state a claim for retaliation in violation of Title VII, the plaintiff must allege that [his] employer took an adverse employment action against [him] in retaliation for engaging in protected conduct." *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014). An adverse employment action is "one that a reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66–68 (2006)).

Here, Baker does not establish that (1) he made protected complaints of racial discrimination, or that (3) he was terminated because of his complaints of racial discrimination. He has not alledged sufficient evidence of elements one and three. As to element one, and as discussed above, Baker made two complaints about sexual harassment, not racial discrimination. *See Iqbal,* 556 U.S. at 678. As to element three, because he does not provide sufficient evidence of racial discrimination, he cannot causally connect that evidence to his termination. Also as to element three, his OIG complaint and EEOC claim cannot support his retaliation claim because

they occurred after the results of Duckworth's OIG investigation, which formed the basis of his termination.[3]

Baker was notified of the outcome of the OIG's investigation of Duckworth's complaint on August 26, 2013 and was terminated on September 17, 2013. Doc. 6 ¶ 16. While he received confirmation of receipt of his OIG complaint on September 9, 2013, Baker provides no evidence of when his OIG complaint was made. *Id.* ¶ 15. Furthermore, Baker's EEOC charge was filed four months after his termination. Doc. 7-3. As such, Baker provides insufficient evidence to claim that the decision to terminate Baker was in retaliation for either his OIG complaint or his EEOC charge. Thus, Baker does not establish "a causal connection between the protected activity and the adverse employment action." *Id*. citing *McCoy*, 492 F.3d at 557. Accordingly, the Court concludes that Baker does not establish a claim for retaliation.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the City's Motion to Dismiss, Doc. 7, is **GRANTED**, and Baker's case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 11th day of October, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3] While a hostile work environment exception may extend the EEOC filing deadline of his 2011 complaint, Baker separates his retaliation claim from his hostile work environment claim. Accordingly, the Court does not consider the 2011 complaint for the purpose of his retaliation claim. *See* 42 U.S.C. §2000e-5(e)(1); *Natl R.R. Passenger Corp.*, 536 U.S. at 105.